IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARD HERNANDEZ**, | Case No. 3:19-cv-1404-JR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **JEFFERSON COUNTY SHERIFF'S OFFICE**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on October 9, 2020. ECF 73. Judge Russo recommended that this Court grant the Motions to Dismiss filed by Defendants Robert Marrazzo (Marrazzo) and Barry Davidson (Davidson) (collectively, the Moving Defendants), grant in part the Motion to Strike filed by Davidson, deny as improperly filed the Motion to Strike filed by Plaintiff, and dismiss the claims asserted against the Moving Defendants with prejudice. Plaintiff objects to the Findings and Recommendations that the Court grant the Moving Defendants' Motions to Dismiss and deny Plaintiff's motion to strike. After reviewing the Findings and Recommendation, the objections, the responses, and the briefing filed before Judge Russo, and considering the objected-to issues

PAGE 1 – OPINION AND ORDER

*de novo*, for the reasons discussed below, the Court adopts the Findings and Recommendation in part where specified, grants the Motions to Dismiss, grants in part Davidson's Motion to Strike, and denies Plaintiff's Motion to Strike as moot.

## STANDARDS

### A. Review of a Findings and Recommendation

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although without objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

### B. Rule 12(b)(6) Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim may be granted only when there is no cognizable legal theory to support

PAGE 2 – OPINION AND ORDER

the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## PROCEDURAL BACKGROUND

Plaintiff Edward Hernandez filed his complaint on September 3, 2019, alleging 17 claims for relief against 13 known defendants for conduct relating to Plaintiff's land disputes, alleged harassment by law enforcement, and arrest. ECF 2. Defendants Oregon State Police (OSP), Barry Davidson, and Robert Marrazzo each moved to dismiss Plaintiff's claims. On June 23, 2020, this Court dismissed Plaintiff's claims against OSP without leave to amend and dismissed the claims against Davidson and Marrazzo with leave to amend. Plaintiff filed his First Amended Complaint on July 3, 2020, alleging the same 17 claims for relief. Davidson and Marrazzo again moved to dismiss Plaintiff's claims.

# DISCUSSION

For the portion of the Findings and Recommendation to which no party objected, Davidson's Motion to Strike, the Court follows the recommendation of the Advisory Committee and reviews for clear error. The Court finds no such error, and adopts that portion of the Findings and Recommendation. For the portions of the Findings and Recommendation to which Plaintiff objected, the Court reviews the issues *de novo* and addresses them below.

## A. Claims Against Marrazzo

Marrazzo moves to dismiss Plaintiff's claims on the grounds that claim preclusion (formerly known as *res judicata*), bars the claims and, alternatively, for failure to state a claim. Marrazzo argues claim preclusion applies because Plaintiff previously litigated claims arising from the same facts against Marrazzo in the case of *CIT Bank, N.A. v. Marrazzo, et al.*, Case No. 17CV46790 (Or. Cir. Ct. May 13, 2019). ECF 60-1 at 62-96 (Ex. G). In that proceeding, Plaintiff filed cross-claims against Marrazzo, who acted as the personal representative of the Estate of Shari Marrazzo. Plaintiff's cross-claims in *CIT Bank* included private nuisance, defamation (slander *per se*), false light, public disclosure of private facts, and intentional infliction of emotional distress, among others. *Id.* at 86-92. Plaintiff's private nuisance claim in *CIT Bank* relied in part on allegations relating to Plaintiff's arrest, which Plaintiff alleged was because Marrazzo's family caused sheriff's deputies to be dispatched. *Id.* at 87. Plaintiff also alleged that Marrazzo called Plaintiff a "squatter" and otherwise disclosed private information about Plaintiff, causing harm to Plaintiff. *Id.* at 88-90. Plaintiff alleged facts in the *CIT Bank* case about land disputes with Davidson, Marrazzo, and others. The Oregon Circuit Court granted summary judgment against Plaintiff's cross-claims. ECF 60-1 at 188-89 (Ex. I).

Federal courts must "afford the same full faith and credit to state court judgments that would apply in the State's own courts." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463

PAGE 5 – OPINION AND ORDER

(1982). The Court is bound to "give the same . . . preclusive effect to a state court judgment as that judgment would have in the state courts of the state in which it was rendered." *Noel v. Hall*, 341 F.3d 1148, 1160 (9th Cir. 2003); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (explaining that federal courts must "refer to the preclusion law of the State in which judgment was rendered").

Claim preclusion "generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Bloomfield v. Weakland*, 339 Or. 504, 510 (2005). The Oregon Supreme Court has consistently defined claim preclusion as follows:

> [A] plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

*Id*. at 510-11. Thus, a party may not litigate the same claim "on any ground or theory of relief that the party could have litigated in the first instance." *Id*. at 511.

"[C]ourts employ a broad definition of what could have been litigated." *Drews v. EBI Companies*, 310 Or. 134, 141 (1990). "Claim preclusion does not require actual litigation of an issue of fact or law . . . [n]or does it require that the determination of the issue be essential to the final or end result reached in the action, claim, or proceeding." *Id*. at 140. Claim preclusion does, however, require that the plaintiff had, in the former case, "[t]he opportunity to litigate . . ., whether or not it is used." *Id.* Claim preclusion applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); *see also Bloomfield*, 339 Or. at 511. "Claim preclusion applies equally to a defendant's defense." *B & K Livestock v Auction, Inc. v. Oregon Dept. Envtl. Quality*, 2013 WL 3973880 (D. Or. July 31, 2013).

PAGE 6 – OPINION AND ORDER

Plaintiff argued before Judge Russo that claim preclusion did not apply because: (1) Marrazzo failed to raise the defense in his first motion to dismiss challenging Plaintiff's original complaint; (2) the argument and supporting documents are "immaterial, impertinent and not necessary or relevant"; and (3) Plaintiff did not have a full and fair opportunity to litigate the matter in state court because necessary and relevant information and materials were not available to him. Judge Russo rejected these arguments and found that Plaintiff's claims against Marrazzo are barred by claim preclusion. Plaintiff objects to this portion of Judge Russo's findings, arguing that he was denied a full and fair opportunity to litigate his cross-claims in the prior suit and raising a new argument that claim preclusion does not apply because Marrazzo appeared in a different capacity (as a representative) in the state litigation than in this case (as an individual).

Marrazzo did not argue before Judge Russo that the fact that Marrazzo was acting in a representative capacity in the state court action and has been sued as an individual in this action matters for analyzing claim preclusion. The Court exercises its discretion and declines to reach Marrazzo's new argument raised for the first time in his objections.[1] *See Jones v. Blanas*, 393

---

[1] Even if the Court considered the merits of Plaintiff's argument, his new objection is not persuasive. Plaintiff cites the Restatement (Second) of Judgments § 36. The Oregon Supreme Court has rejected rote application of that section of the Restatement (considering its predecessor provision in the Restatement (First) and the draft provision of the Restatement (Second)), and instead counsels consideration of the facts of the case. *See Jones v. Mitchell Bros. Truck Lines*, 273 Or. 430 (1975) (applying claim preclusion to a plaintiff bringing claims in his individual capacity when he already litigated the same claims as his wife's guardian). The court recognized that both versions of the Restatement would prohibit application of the doctrine, but determined that "the rationale for the rule would seem to have no application to the present factual situation." *Id.* at 434. In another case, the Oregon Court of Appeals also applied claim preclusion when the defendants acted as trustees in a representative capacity in the first, federal lawsuit, and were sued as individuals in the second, state, lawsuit. *Secor Investments, LLC v. Anderegg*, 188 Or. App. 154 (2003). The appellate court determined that the defendants "both controlled the defense of federal litigation as trustees of the Trust *and*, in doing so, represented and protected their own individual and personal interests as the primary beneficiaries of the Trust." *Id.* at 167 (emphasis in original). The court held that the defendants as individuals in the second case were in privity with themselves as trustees in the previously decided federal case,

PAGE 7 – OPINION AND ORDER

F.3d 918, 935 (9th Cir. 2004) (discussing the court's discretion to consider new arguments raised in objections); *Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002) (rejecting the Fourth Circuit's requirement that a district court must consider new arguments raised in objections); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district court "has discretion, but is not required" to consider new evidence).

As for Plaintiff's objection that he was not given a full and fair opportunity to litigate in the first proceeding, the Court adopts Judge Russo's analysis on that issue. The Court also adopts Judge Russo's remaining analyses relating to claim preclusion. The *CIT Bank* litigation involved the same factual transactions. Plaintiff either litigated or had the opportunity to litigate his claims raised against Marrazzo in this case in the *CIT Bank* litigation. He is thus precluded from suing Marrazzo in a new case based on the same factual transactions. *Bloomfield*, 339 Or. at 510-11; *Drews*, 310 Or. at 141. Because the Court forecloses Plaintiff's claims against Marrazzo under the doctrine of claim preclusion, the Court does not reach Plaintiff's remaining objections and does not adopt the remaining portion of the Findings and Recommendation on Plaintiff's claims against Marrazzo.

---

and affirmed the application of claim preclusion. *Id.* at 167-78. Like the defendant in *Secor*, Marrazzo controlled the defense of the state foreclosure action in his role as personal representative and had a personal interest based on his potential personal liability as the executor and his status as a beneficiary. Thus, as an individual in this case, Marrazzo is in privity with himself in his representative capacity in the previously litigated state case. Claim preclusion would still apply.

PAGE 8 – OPINION AND ORDER

### B. Claims Against Davidson

#### 1. Abuse of Process

"Abuse of process is the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause." *Larsen v. Credit Bureau, Inc. of Georgia*, 279 Or. 405, 408 (1977) (quotation marks omitted); *see also Pfaendler v. Bruce*, 195 Or. App. 561, 571 (2004) ("'Abuse of process' is the perversion of a process that is regular on its face to a purpose for which the process is not intended."). It requires pleading two essential elements, "first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding." *Larsen*, 279 Or. at 408 (quoting Prosser, Law of Torts § 121 at 875 (1971) (hereinafter Prosser); *see also Page v. Parsons*, 249 Or. App. 445, 454 (2012) ("With respect to his claim for abuse of process, plaintiff needed evidence of both elements: an 'ulterior purpose, unrelated to the process' and a 'willful act in the use of the process that is not proper in the regular conduct of the proceeding.'"); *Pfaendler*, 195 Or. App. at 571 ("[T]o plead a claim for abuse of process, a plaintiff must allege some ulterior purpose, unrelated to the process, and a willful act in the use of the process that is not proper in the regular conduct of the proceeding."). The "improper purpose" element "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club." *Larsen*, 279 Or. at 408 (quoting Prosser).[2]

---

[2] Some decisions from the Oregon Court of Appeals list the seizure of property or an arrest as a third, separate element to be alleged. As described by the Oregon Supreme Court in *Larsen*, however, that is generally how the improper purpose element is shown, rather than a separate element.

Plaintiff alleges that Davidson substantially caused Plaintiff's harassment by Larson for the ulterior purpose of encouraging Plaintiff to dismiss his pending lawsuit against Davidson. Such harassment, however, does not constitute "process" as that term is used in abuse of process cause of action. *See, e.g.*, Restatement (Third) of Torts: Liab. for Econ. Harm § 26 (2020) ("The word 'process' in the title of this Section does not refer to the legal process generally. It refers to process in the more specific sense of the word familiar to lawyers: the instruments by which courts assert their jurisdiction and command others to appear, act, or desist. In short, 'process' generally means orders that are issued by courts at the behest of one of the parties, or that are otherwise backed by judicial authority."); *Taylor v. Clark Cty. Sch. Dist.*, 2019 WL 2453648, at *3 (D. Nev. June 11, 2019) ("The tort of abuse of process protects the integrity of the judicial system by prohibiting malicious use of the courts by a party with an ulterior motive to resolving a genuine legal dispute."); *Martel v. United States*, 2012 WL 1555060, at *2 (E.D. Cal. Apr. 27, 2012) (noting that an abuse of process claim must involve "the use of the court process, i.e. action taken pursuant to judicial authority"); *Hutchens v. Hutchens*, 2007 WL 2320074, at *6 (D. Ariz. Aug. 10, 2007) (noting that process means "encompassing the entire range of court procedures incident to the litigation process").

Plaintiff also alleges that after Plaintiff and Davidson settled their legal dispute, Davidson remained responsible for Larson and his fellow officers' ongoing alleged harassment and Larson's eventual arrest of Plaintiff. Plaintiff alleges that Davidson sought to have Plaintiff arrested "in retaliation" for Davidson and Larson's settled dispute. Plaintiff alleges that Larson "concocted a land dispute" to arrest Plaintiff to satisfy Davidson. Plaintiff asserts that Larson used a falsified affidavit to meet the probable cause requirement to support Plaintiff's arrest. Plaintiff also alleges that Davidson and Larson were "longtime" personal friends and Larson and

Marrazzo had no personal relationship, Davidson "could not accept defeat, particularly to a minority," and the allegedly harassing conduct by Larson and his fellow law enforcement officers continued unabated, even though Plaintiff's dispute with Marrazzo did not start for another six months. Thus, argues Plaintiff, Larson and others' allegedly harassing conduct that continued for approximately eighteen months leading up to Plaintiff's arrest was substantially caused by Davidson and not Marrazzo.[3]

Plaintiff's allegations about the post-settlement period also fail to state a claim for abuse of process. Plaintiff is alleging that the arrest is the "process" and that Davidson's ulterior purpose is "retaliation" for Plaintiff and Davidson's settlement of their earlier dispute. This would mean, however that the arrest itself was the goal or purpose desired by Davidson, to get back at Plaintiff. Plaintiff does not allege any *collateral* purpose not associated with Plaintiff's arrest. *See Hartley v. State Water Res. Dep't*, 77 Or. App. 517, 522 (1986) ("Plaintiff presented no evidence that defendants acted with an ulterior purpose in causing his license to be suspended. The evidence that plaintiff relies on shows only that defendants may have had some malice toward plaintiff. However, that does not constitute an ulterior purpose in the form of coercion to obtain a collateral advantage not associated with the process, such as the surrender of property or the payment of money."); *accord Clausen v. Carstens*, 83 Or. App. 112, 118 (1986) ("The tort involves the use of the process as a club by which to extort something *unrelated to the process* from the other party." (emphasis added)). In other words, Plaintiff mistakes an alleged improper motive for an ulterior purpose.

---

[3] Plaintiff alleges, however, that Marrazzo "cooperated with law enforcement and local government officials and helped to put into motion a series of events which culminated with a wrongful arrest, hospitalization, criminal prosecution." Plaintiff also asserted an abuse of process claim against Marrazzo.

PAGE 11 – OPINION AND ORDER

The Second Circuit has explained the difference between an improper motive and an ulterior purpose, discussing New York law in a case in which the plaintiff alleged that the defendants acted with a retaliatory motive (New York law requires an ulterior purpose like Oregon law).

> Savino has also failed to state a claim for abuse of process against the DOI defendants. The District Court determined that a reasonable jury could infer from the timing of the DOI defendants' actions that the overtime issue was the *motivating factor* in the prosecution. But the New York Court of Appeals has made clear that a malicious motive alone does not give rise to a cause of action for abuse of process. In order to state a claim for abuse of process, a plaintiff must establish that the defendants had an improper *purpose* in instigating the action. Accordingly, to state a claim for abuse of criminal process, it is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution.
>
> In his complaint, Savino alleges that his investigation and arrest by the DOI defendants "was solely motivated to seek vindication for the City's great political embarrassment and humiliation for allowing plaintiff to be the highest paid city employee through his overtime earning which was widely reported in the news media for several years and to punish plaintiff for his lawfully and properly earned overtime compensation." Compl. at ¶ 217. Although this passage does allege that the DOI defendants acted with an improper *motive*, Savino has not presented any evidence that they had an ulterior *purpose* or *objective* in facilitating his prosecution. Accordingly, Savino has failed to state a claim for abuse of process against the DOI defendants and the City, and they are entitled to summary judgment on the abuse of process claim.

*Savino v. City of New York*, 331 F.3d 63, 77-78 (2d Cir. 2003) (simplified) (emphasis in original). Plaintiff's allegations suffer from the same deficiency.

The Court has already provided Plaintiff with leave to replead, after previously finding that Plaintiff did not allege an ulterior purpose, among other deficiencies. Because Plaintiff again was unable to allege an ulterior purpose, this claim is dismissed with prejudice.

PAGE 12 – OPINION AND ORDER

### 2. Invasion of Privacy

The Court has reviewed this issue *de novo*. The Court adopts this portion of the Findings and Recommendation.

### 3. Private Nuisance

The Court has reviewed this issue *de novo*. The Court adopts this portion of the Findings and Recommendation.

### 4. Intentional or Negligent Infliction of Emotional Distress

The Court has reviewed this issue *de novo*. The Court adopts this portion of the Findings and Recommendation.

## C. Plaintiff's Motion to Strike

Because the Court dismisses Plaintiff's claims against Marrazzo, Plaintiff's motion to strike is denied as moot.

## CONCLUSION

The Court ADOPTS IN PART the Findings and Recommendation (ECF 73). The Court GRANTS Defendants Robert Marrazzo's Motion to Dismiss (ECF 60) and Barry Davidson's Motion to Dismiss (ECF 58). Davidson's motion to strike is GRANTED IN PART. The Court strikes Paragraph 35 of the First Amended Complaint, per the agreement of the parties. Plaintiff's motion to strike is DENIED AS MOOT. Plaintiff's claims against Defendants Marrazzo and Davidson are dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 23rd day of December, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge