IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARD HERNANDEZ**, | Case No. 3:19-cv-1404-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **JEFFERSON COUNTY SHERIFF'S OFFICE,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Defendants Robert Marrazzo (Marrazzo) and Barry Davidson (Davidson) have each moved for entry of partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Plaintiff did not respond to the motions. Marrazzo and Davidson argue that because the Court has dismissed Plaintiff's claims against them with prejudice, there is no just reason to delay entering partial final judgment.

Under Rule 54(b), "[w]hen the district court dismisses claims against one of a number of parties, it has discretion to direct the entry of a final judgment as to that party only if the court expressly determines that there is no just reason to delay." *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (simplified). "[T]he burden lies on the party moving for certification to show that their

case's circumstances are unusual enough to merit departure from the court's general presumption against Rule 54(b)." *Birkes v. Tillamook Cnty.*, 2012 WL 2178964, at *3 (D. Or. June 13, 2012)).

The Ninth Circuit has highlighted two considerations that a court should evaluate when determining whether there is "just reason" for delaying entry of judgment, taken from the Supreme Court's analysis in *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980). *See, e.g.*, *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). First, courts should evaluate "juridical concerns" focusing on piecemeal appeals, primarily whether the claims are "sufficiently divisible from the other claims such that the case would not inevitably come back to [the Court of Appeals] on the same set of facts." *Jewel*, 810 F.3d at 628 (simplified). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Id.* (quotation marks omitted). Courts in the Ninth Circuit embrace a "pragmatic approach focusing on severability and efficient judicial administration." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005) (quotation marks omitted). Thus, claims may have "overlapping facts" and still be "separate for purposes of Rule 54(b)." *Id.* at 881.

Second, courts should undertake an "equitable analysis." *Jewel*, 810 F.3d at 628. District courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." *Id.* Under the equitable analysis, courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). One example of an equitable consideration "that may inform a judge's decision" is whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2 (discussing *Curtiss-Wright*).

Marrazzo and Davidson provide no argument or evidence relating to the considerations the Ninth Circuit and Supreme Court have established for Rule 54(b) certification. They simply state that because the Court has dismissed the claims against them with prejudice, the Court should enter partial final judgment. This is insufficient to meet their burden of showing that Rule 54(b) certification is appropriate. Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879; *see also Curtiss-Wright*, 446 U.S. at 10 ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). The Ninth Circuit has advised that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason." *Wood*, 422 F.3d at 882. It has also admonished that "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004); *see also Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.").

The Court DENIES the motions for entry of partial final judgment by Defendant Marrazzo (ECF 96, 97) and Defendant Davidson (ECF 95).

**IT IS SO ORDERED.**

DATED this 7th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge