IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDWARD HERNANDEZ**, | Case No. 3:19-cv-1404-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **JEFFERSON COUNTY SHERIFF'S OFFICE,** *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on November 16, 2021. Judge Russo recommended that this Court grant the motions for summary judgment filed by the remaining Defendants in this case, the Government Defendants[1] and the Baggett Defendants[2] (collectively, Defendants).

---

[1] The Government Defendants are Jefferson County Sheriff's Office (JCSO), Sheriff Jim Adkins, Deputy Ron Larson, Deputy Steve Keever, Officer Michael Rochelle, Jefferson County Public Works Department (JCPW), City of Metolius (Metolius), and Madras City Police Department's (MPD).

[2] The Baggett Defendants are Juan Jose-Cruz Rodriguez, Baggett, Inc., and Lee Baggett.

PAGE 1 – ORDER

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Judge Russo recommended that Court find that Plaintiff Edward Hernandez failed properly to serve Defendants. Judge Russo alternatively reached Defendants' motions on the merits, and recommended that the Court grant summary judgment against Plaintiffs' claims.

Plaintiff timely filed an objection, to which the Government Defendants and the Baggett Defendants each responded. Plaintiff generally objects that the magistrate judge is biased against Plaintiff, improperly weighed the evidence and made credibility findings at summary judgment, and incorrectly assessed the underlying facts. Plaintiff contends that there are genuine disputes of

material fact for all his claims. Regarding each Defendants' motion based on insufficiency of service, Plaintiff argues that Defendants' waived such a challenge and that, regardless, Plaintiff sufficiently complied with his service obligations.

If Defendants were not properly served, the Court lacks personal jurisdiction over them. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Whitfield v. Nevada State Pers.*, 2022 WL 171138, at *2 (D. Nev. Jan. 18, 2022) ("A federal court lacks personal jurisdiction over a defendant if service of process is insufficient."). Thus, the Court first considers this portion of the Findings and Recommendation.

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citations omitted).

Plaintiff argues that Defendants waived the affirmative defense of insufficient service of process by failing to file a motion to dismiss or otherwise challenge service. This argument fails because the Government Defendants and the Baggett Defendants alleged this affirmative defense in their respective answers. The Federal Rules of Civil Procedure provide that the defense of

insufficient service of process may be alleged in an answer *or* raised in a motion. *See* Fed. R. Civ. P. 12(b). These Defendants chose to do the former.[3]

Plaintiff also argues that Rule 21 of the Oregon Rules of Civil Procedure require the Government Defendants and the Baggett Defendants to litigate this defense at the earliest possible opportunity. This argument is rejected for two reasons. First, it is the Federal Rules of Civil Procedure, and not the Oregon Rules of Civil Procedure, that govern the procedural requirements of this case. *See Sain v. City of Bend*, 309 F.3d 1134, 1137 (9th Cir. 2002) ("In *Hanna v. Plumer*, 380 U.S. 460 (1965), the Supreme Court held that if a Federal Rule of Civil Procedure regulates a matter in federal court that is procedural, or even arguably procedural, that rule controls."). Second, even if the Oregon Rules of Civil Procedure were to control, they permit a motion challenging the service of process up until the day of trial when the affirmative defense has been alleged in the answer, as has been done here. *See Burden v. Copco Refrigeration, Inc.*, 339 Or. 388, 392-93 (2005) (noting that a motion to dismiss under Rule 21 A of the Oregon Rules of Civil Procedure may not be filed after the answer has been filed but holding that under Rule 21 C a trial court may hear a motion challenging the sufficiency of service up to the day of trial if the defense was properly pleaded in the answer).

Plaintiff also argues that he did comply with the necessary service requirements and if he did not, he "extends his apology to the court." The Court agrees with Judge Russo that Plaintiff fails to provide evidence that he properly served Defendants. The entity Defendants (JCSO, JCPW, MPD, and Metolius) were purportedly served on July 3, 2020, a federal holiday when their offices were closed, by a process server leaving a copy of the summons and complaint at

---

[3] Plaintiff also argues that Defendants did not raise the issue of insufficient service at the "earliest possible time." Defendants, however, did raise the issue at the earliest possible time—in their answers. These answers were these Defendants first filings, and they raised insufficient service of process as an affirmative defense.

PAGE 4 – ORDER

the front reception. The process server, however, did not identify the address at which the summons and complaint were purportedly left for each entity, and, further, leaving a copy at "reception" is not proper office service on a governmental entity. At the minimum, proper office service requires leaving a copy with an officer, director, managing agent, or attorney. Or. R. Civ. P. 7 D(3)(h).[4]

Additionally, other than for Officer Rochelle, Plaintiff provides no evidence that the individual defendants were served by certified mail. Plaintiff provides a general statement in his declaration that these persons were served by certified mail, but under Rule 4(c)(2) of the Federal Rules of Civil Procedure, Plaintiff cannot serve any defendant. Thus, he may not attest with personal knowledge as to the service of any defendant. Nor does Plaintiff provide any documentation such as a certified mailing return receipt along with a declaration by the process server describing the contents of the certified mailing. Plaintiff stated when filing his declaration on June 22, 2021 that he did not have time to obtain the necessary documentation. By November 30, 2021, when he filed his objections to the Findings and Recommendation, he still did not file any documentation supporting the purported mailing by certified mail.

For Officer Rochelle, Plaintiff states generally in his declaration that Officer Rochelle was served by certified mail and he attaches a certified mail return receipt. The document, however, does not describe the contents of the mailing. Also, Plaintiff's declaration is insufficient to authenticate what was in the certified mailing because, as noted, under Rule 4(c)(2), Plaintiff cannot serve Officer Rochelle. Thus, Plaintiff does not provide sufficient evidence that Officer Rochelle was properly served. Accordingly, the Court adopts that portion

---

[4] Rule 4(j) of the Federal Rules of Civil Procedure provides that service on a state or local government entity must be through personal service on the chief executive officer or through the manner permitted under state law.

of the Findings and Recommendation concluding that the Court lacks personal jurisdiction over Defendants because of insufficient service of process.

Having concluded that Plaintiff has not demonstrated proper service, the Court finds that his failure to comply with Rule 4 warrants dismissal. In this case, the Court previously analyzed the requirements of serving an individual under Oregon law, extended Plaintiff's time to serve a different defendant, and gave Plaintiff the opportunity to cure defects in service on that defendant. Thus, Plaintiff was aware that first class mailing was insufficient service of process. The Court also cited Rule 7 of the Oregon Rules of Civil Procedure, so Plaintiff had a reference for looking up proper service methods such as office service. This case has been litigated for nearly three years. Allowing additional service of process at this stage in the litigation would unduly prejudice Defendants. Accordingly, the Court grants Defendants' motions based on insufficient service of process.[5] The Court need not consider the remaining arguments by Defendants and does not adopt any other portions of the Findings and Recommendation.

The Court ADOPTS IN PART the Findings and Recommendation (ECF 120). The Court adopts the portion of the Findings and Recommendation relating to insufficient service of process. The Court GRANTS the Government Defendants' motion for summary judgment (ECF 100) and the Baggett Defendants' motion for summary judgment (ECF 106) on the grounds of insufficient service of process. The Court declines to reach the remaining arguments.

**IT IS SO ORDERED.**

DATED this 11th day of February, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[5] Regardless of whether the motions are best brought under Rule 56 or Rule 12(i), they are nevertheless appropriate to grant before trial.

PAGE 6 – ORDER